**UNITED STATES DISTRICT COURT**   **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| MARVIN LEWAYNE MOODY, #28933-044 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:18-CV-82 |
| § | CRIMINAL ACTION NO. 4:13-CR-248(4) |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Movant Marvin LeWayne Moody  filed "Pro Se Motion Pursuant to Federal Rules of

Civil Procedure Rule  60(b), to Alter or Amend, or in the Alternative Vacate the Judgment Entered

in the Court, March 16, 2021" (#19).  A review of the motion, however, reveals that Movant is

essentially asking the Court to re-open the time in which to file a notice of appeal concerning the

denial of his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Accordingly, the Court construes his motion as such pursuant to Federal Rule of Appellate

Procedure 4(a)(6). After reviewing the motion and the record, the Court concludes that the motion

should be denied.

## I.  BACKGROUND

On June 18, 2015, a jury found Movant guilty of conspiracy to distribute or possess with

intent to distribute both heroin and cocaine, in violation of 21 U.S.C. § 846(b)(1)(A), and possession

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924( c).  Crim.

ECF (#125).  On December 30, 2015, the Court's sentence of life imprisonment was entered into the

record.  Crim. ECF (#160).  On November 3, 2016, the United States Court of Appeals for the Fifth

Circuit affirmed Movant's conviction and sentence.  *See United States v. Moody*, 664 F. App'x 367

(5th Cir. 2016); Crim. ECF (#200).

On February 1, 2018, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (#1).  The United States Magistrate Judge issued a Report and Recommendation (Dkt. #12) in which it was recommended that Movant's motion be denied and dismissed with prejudice because the issues Movant raised were without merit.  On March 16, 2021, the Court adopted the findings and conclusions of the Magistrate Judge (#14) and issued Final Judgment (#15) in which Movant's case was denied and dismissed.  Movant filed a notice of appeal on August 1, 2021, (#16).  On January 24, 2022, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal for want of jurisdiction (#17).  In its opinion, the Fifth Circuit noted that Movat's notice of appeal must have been filed within sixty days of the entry of judgment, which would have been no later than May 17, 2021.  Movant did not file his notice of appeal until August 1, 2021.

## II.  DISCUSSION

Movant states he is bringing the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, but he seeks to re-open the time in which to file an appeal.  He claims he did not receive notice of Final Judgment; thus, he did not timely file a notice of appeal.  Failure to receive notice of the judgment under Rule 77(d) does not constitute a basis for relief under Rule 60(b), however. *Latham v. Wells Fargo Bank,* 987 F.2d 1199, 1203 (5th Cir. 1993).  Thus, as noted above, the Court construes Movant's motion as a motion to re-open the time in which to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). *See United States v. Robinson,* 78 F.3d 172 (5th Cir. 1996) (a pleading will be judged by the quality of its substance rather than according to its form or label and, if possible, will be construed to give effect to its averments). Rule 4(a)(6) states that the district court may re-open the time in which to file an appeal for a period of fourteen days after the  date when its  order to re-open is entered,  but only if  all of the following conditions are

satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Although no mail was returned to the Court, the Court need not make a finding on whether Movant received notice of Final Judgment or whether a party would be prejudiced since Movant fails to meet the second component.  Movant must have filed the motion to re-open the time in which to file an appeal within 180 days of Final Judgment.  Final Judgment issued on March 16, 2021; accordingly, Movant must have filed the motion no later than September 13, 2021.  Movant did not file it until April 18, 2022 – more than seven months too late.  Accordingly, Movant fails to meet the requirements to re-open the time to file an appeal, and his motion will be denied.

Consequently, it is **ORDERED** that Movant's construed motion to re-open the time in which to file an appeal (Dkt. #19) is **DENIED**.

It is also **ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

SIGNED at Beaumont, Texas, this 25th day of April, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

3